**Morgan & Morgan Philadelphia, PLLC**  
2005 Market Street  
Suite 350  
Philadelphia, PA  19103  
(267)780-2978  
(267)780-2913 (FAX)  
hmolitoris@forthepeople.com

**Hannah Molitoris, Esq.**  
PA ID# 322436

---

| | |
|---|---|
| **MILLIE A. BLACKMAN**<br>**119 WARD AVENUE SW**<br>**CULLMAN, AL 35057**<br>　　　　　　　　　　**Plaintiff**<br>　　　　v.<br>**JEFF DEGRAFF**<br>**4719 PINEDALE DRIVE**<br>**BOYNTON BEACH, FL 33436**<br><br>**SWIFT TRANSPORTATION CO OF ARIZONA LLC**<br>**2200 S. 75th AVENUE**<br>**PHOENIX, AZ 85043**<br>　　　　　　　　　　**Defendants.** | **IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW COMES the Plaintiff Millie A. Blackman by and through her counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendant, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Millie A. Blackman (hereinafter the "Plaintiff"), is an adult individual who resides at 119 Ward Avenue SW, Cullman, Alabama 35057.

2. The Defendant, Jeff Degraff (hereinafter "Defendant Degraff") is an adult individual who resides at 4719 Pinedale Drive, Boyton Beach, Florida 33436.

3. The Defendant, Swift Transportation Co of Arizona LLC (hereinafter "Defendant Swift") is an Arizona business entity with its principal place of business located at 2200 S 75th Street, Phoenix, Arizona 85043.

4. Defendant Swift Arizona has a United States Department of Transportation Number of 00054283.

5. At all times relevant hereto, Defendant Degraff was the agent, servant, workman, and/or employee of Defendant Swift and was acting in the course and scope of his employment.

## JURISDICTION

6. This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1332 as the Plaintiff is a citizen of Alabama, Defendant Degraff is a citizen of Florida, Defendant Swift Arizona's principal place of business in in Arizona and the amount in controversy exceeds $150,000.00

## FACTUAL BACKGROUND

7. Each interstate company, in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that Defendant Swift has access to and is familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendants will comply with the Federal Motor Carrier Safety Regulations ("FMCSR") at all times while operating a commercial motor vehicle in the United States.

8. More specifically, each Form OP-1 submitted contained a "Safety Certification," certifying to the FMCSA that, at a minimum, Defendants:

    a. Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

    b. Can produce a copy of the FMCSRs;

    c. Had and will have in place a driver safety training/orientation program;

    d. Had and will have prepared and maintain an accident register;

    e. Is familiar with DOT regulations governing driver qualifications and had and will have in place a system for overseeing driver qualifications requirements;

    f. Had and will have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

    g. Is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

    h. Must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating with the United States.

9. At all times relevant hereto, the Plaintiff was the permissive operator of a 2020 Freightliner with Alabama License Plate Number 1187770.

10. At all times relevant hereto, Defendant Degraff was the operator of a freightliner in the course and scope of his employment with Defendant Swift.

11. On October 12, 2022, at approximately 22:28 hours, the Plaintiff was lawfully parked in her tractor trailer at 500 N. Lingle Avenue, Palmyra, Pennsylvania 17078.

12. At the same time and at the same location, Defendant Degraff was attempting to position his freightliner into the loading dock.

13. Suddenly and without warning, Defendant Degraff struck the freightliner that the Plaintiff was inside.

14. Due to the force of the impact, the Plaintiff sustained injuries to her neck, shoulder, head, back and knee.

15. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant Degraff, the Plaintiff sustained the following injuries:

    a. Cervical injury;

    b. Left shoulder tear;

    c. Contusion to the head;

    d. Left knee injury;

    e. Lumbar injury.

16. Plaintiff also makes a claim for damages and injuries of which at the time of filing she has no present knowledge.

17. As a result of the aforesaid injuries, the Plaintiff sustained physical pain and suffering, all of which have required or will require medical care and treatment.

18. The Plaintiff continues to require treatment for the aforesaid injuries.

19. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

20. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

21. As a result of the aforesaid injuries, the Plaintiff suffered embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

22. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

23. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of her earning capacity / potential.

24. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## MILLIE A. BLACKMAN  v. JEFF DEGRAFF

25. The preceding paragraphs are incorporated herein by reference as if fully set forth at length.

26. On the aforementioned date, place and time, Defendant Degraff operated his tractor trailer in a negligent / reckless manner such that Defendant Degraff's conduct was a factual cause in bringing about the serious and painful injuries and damages to the Plaintiff.  The negligence of the Defendant includes, but is not limited to the following:

    a.  Failure to maintain proper and adequate control of his tractor trailer;

    b.  Failure to bring his tractor trailer to a stop;

    c.  Failing to take proper precaution in operation of his tractor trailer so as to avoid the collision that occurred with the Plaintiff;

    d.  Failure to keep a proper and necessary lookout while operating his tractor trailer;

    e.  Failure to use a spotter while reversing his tractor trailer;

    f.  Failure to be attentive while operating his tractor trailer;

g. Operating his tractor trailer in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

h. Violating the written and unwritten policies and procedures of Defendant Swift;

i. Failing to apprise himself of the Federal Motor Carrier Safety Regulations;

j. Failing to abide by the Federal Motor Carrier Safety Regulations as it applies to hours of service;

k. Failing to have his tractor trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

l. Failing to control his tractor trailer in light of the circumstances then and there existing;

m. Acting with conscious disregard for the rights and safety of the Plaintiff;

n. Consciously choosing to drive over the hours of service;

o. Consciously choosing to drive too fast for conditions despite knowing the risks therein;

p. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

q. Violating the applicable rules, regulations, and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

r. Failing to make necessary and reasonable observations while operating his freightliner; and

s. Failing to timely and properly apply his brakes.

27. As a result of Defendant Degraff's negligence, the Plaintiff suffered the above-mentioned harm.

**WHEREFORE**, the Plaintiff, Millie A. Blackman, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, from the Defendant, Jeff Degraff, in an amount greater than $150,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**MILLIE A. BLACKMAN v. SWIFT TRANSPORTATION CO OF ARIZONA LLC**
**as being vicariously liable for JEFF DEGRAFF**

28. The preceding paragraphs are incorporated herein by reference as if fully set forth at length.

29. The negligence and carelessness of Defendant Swift, as being vicariously liable for the actions and omissions of Defendant Jeff Degraff, consisted of, but is not limited to the following:

   a. Failure to maintain proper and adequate control of his tractor trailer;

   b. Failure to bring his tractor trailer to a stop;

   c. Failing to take proper precaution in operation of his tractor trailer so as to avoid the collision that occurred with the Plaintiff;

   d. Failure to keep a proper and necessary lookout while operating his tractor trailer;

   e. Failure to use a spotter while reversing his tractor trailer;

   f. Failure to be attentive while operating his tractor trailer;

   g. Operating his tractor trailer in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

   h. Violating the written and unwritten policies and procedures of Defendant Swift;

   i. Failing to apprise himself of the Federal Motor Carrier Safety Regulations;

j. Failing to abide by the Federal Motor Carrier Safety Regulations as it applies to hours of service;

k. Failing to have his tractor trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

l. Failing to control his tractor trailer in light of the circumstances then and there existing;

m. Acting with conscious disregard for the rights and safety of the Plaintiff;

n. Consciously choosing to drive over the hours of service;

o. Consciously choosing to drive too fast for conditions despite knowing the risks therein;

p. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

q. Violating the applicable rules, regulations, and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

r. Failing to make necessary and reasonable observations while operating his freightliner; and

s. Failing to timely and properly apply his brakes.

30. As a result of the negligence and carelessness of the Defendants, the Plaintiff suffered the above-mentioned harm.

**WHEREFORE**, the Plaintiff, Millie A. Blackman hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, from the Defendant Swift as being vicariously liable for Defendant Jeff Degraff in an amount greater than

$150,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

## COUNT III
## NEGLIGENT / RECKLESS HIRING, SUPERVISION, & RETENTION
## MILLIE A. BLACKMAN v. SWIFT TRANSPORTATION CO OF ARIZONA LLC

31. The preceding paragraphs are incorporated herein by reference as though fully set forth.

32. Defendant Swift had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

33. The Plaintiff was severely and permanently injured as a result of an incident related to Defendant Degraff's driving, more specifically, Defendant Degraff's unsafe driving.

34. The negligence, carelessness, and recklessness of Defendant Swift, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Degraff, consisted of, but is not limited to the following:

   a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Degraff;

   b. Hiring and/or continuing to employ Defendant Degraff despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   c. Hiring and/or continuing to employ Defendant Degraff despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

   d. Hiring and/or continuing to employ Defendant Degraff despite the fact that he had a propensity for driving violations;

   e. Hiring and/or continuing to employ Defendant Degraff despite his previous driving records;

f.  Failing to have an appropriate disciplinary policy within the company;

g.  Hiring and/or continuing to employ Defendant Degraff despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

h.  Permitting Defendant Degraff to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

i.  Failing to train and/or properly train Defendant Degraff prior to allowing him to operate its tractor trailer;

j.  Allowing Defendant Degraff to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k.  Failing to adopt appropriate employee manuals and/or training procedures;

l.  Failing to enforce both the written and unwritten policies of Defendant Swift;

m.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendant Swift;

n.  Failing to implement and/or enforce an effective safety system;

o.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSR;

p.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCR;

q.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

    r.  Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

    s.  Failing to monitor and/or regulate its drivers' actions;

    t.  Failing to monitor and/or regulate its drivers' hours;

    u.  Failing to monitor and or/regulate the speed at which the drivers drove;

    v.  Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

    w.  Failing to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

    x.  Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

    y.  Failing to have a policy or mechanism in place to address excessive speed;

    z.  Placing more emphasis on profits than on the safety of its drivers and the motoring public;

    aa.  Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

    bb.  Failing to act upon and remedy known violations of FMCSA regulation 395.

35. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Millie A. Blackman, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania from the Defendant Swift, including punitive damages, in an amount greater than $150,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY: _____

HANNAH MOLITORIS, ESQUIRE
*Counsel for the Plaintiff*

12

## **VERIFICATION**

I, Millie A. Blackman, having read the attached Complaint, verify that the within pleading is true and correct to the best of my knowledge, information and belief and that this verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

By: _____

Millie A. Blackman

DATE: ___1/20/2023___

13